E-filing

1  PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
   PRICE AND ASSOCIATES
2  A Professional Law Corporation
   The Latham Square Building
3  1611 Telegraph Avenue, Suite 1450
   Oakland, CA 94612
4  Telephone: (510) 452-0292
   Facsimile: (510) 452-5625
5
6  Attorneys for Plaintiff
   MARY B. FOYE

FILED
DEC 20 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY B. FOYE, | NO. C07-06435 |
| Plaintiff, | COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND EMPLOYMENT DISCRIMINATION |
| v. | |
| NATIONAL PASSENGER RAILROAD CORPORATION dba AMTRAK, MARCOS GONZALES, and DOES 1 through 15 inclusive, | (JURY TRIAL DEMANDED) |
| Defendants. | |

Plaintiff MARY B. FOYE, by and through her attorneys, alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under 42 U.S.C. §1981 and §2000e, *et seq*. Jurisdiction of the Court over Plaintiff's federal claims is invoked pursuant to the provisions of 28 U.S.C. §§1331, 1332 and 1343. The alleged unlawful acts and practices occurred in the County of Alameda, California, which is within this judicial district. Plaintiff is domiciled in Contra Costa County.

2. Plaintiff invokes jurisdiction over her state law claims pursuant to the provisions of 28 U.S.C. §1367. The claims that arise under state law relate to claims within the

original jurisdiction of this Court such that the federal and state claims form part of the same case and controversy under Article III of the United States Constitution.

## PARTIES

3. Plaintiff MARY B. FOYE ("MS. FOYE") is now, and at all times mentioned herein was, a citizen of the United States and a resident of the County of Contra Costa, State of California.

4. Defendant NATIONAL PASSENGER RAILROAD CORPORATION (hereinafter "AMTRAK") is now and at all times mentioned herein was, a private entity, organized and created by the United States, to provide rail travel for hire for passengers and freight throughout the United States.

5. Defendant MARCOS GONZALES (hereinafter "GONZALES") is now, and at all times mentioned herein was, a manager of Defendant AMTRAK with sufficient authority to bind AMTRAK with regard to employment decisions which adversely affected MS. FOYE's employment and working conditions. He acted within the course and scope of his employment and agency at all times.

6. At all times herein, each Defendant was an employee and agent of each remaining Defendant, and acted within the scope of said employment and agency when committing the acts and omissions described in this Complaint. MS. FOYE believes and alleges that each wrongful act and omission by a Defendant was committed with express or implied approval of every other Defendant, and that each Defendant ratified and approved all acts and omissions of the others. Despite AMTRAK's knowledge of Defendant GONZALES' wrongful conduct, it continued to employ him in a management position, and thereby ratified and approved his actions.

## FACTUAL ALLEGATIONS

7. Ms. FOYE began her employment with Defendant AMTRAK on April 27, 2006. She was employed by Defendant AMTRAK as a Lead Service Attendant ("LSA") in the On-Board Services Department from April 27, 2006 up to her termination on September 21, 2006. Defendant GONZALES was one of the managers of the On-Board Services Department.

8. Prior to becoming employed by AMTRAK, Ms. FOYE had sustained a traumatic brain injury and was physically disabled as a result of her injury. As a consequence of her disability, Ms. FOYE suffers from recurring illness and minor memory deficits.

9. During her employment with AMTRAK, Ms. FOYE was required to work long hours in excess of eight (8) hours and was frequently denied permission to take work breaks or use the restroom. She was castigated by her supervisors for her need to take breaks and was told on more than one occasion that she could be fired for using the bathroom. Ms. FOYE complained to her supervisors about Defendant AMTRAK's policy against giving employees breaks during the extended work day. On more than one occasion, Ms. FOYE was compelled to work more than eight (8) hours without a break.

10. On August 11, 2006, Ms. FOYE became extremely ill as a result of her brain injury. She vomited numerous times during her shift and was placed under surveillance by Defendant AMTRAK. A co-worker reported to Ms. FOYE that she was suspected of being under the influence of narcotics. On or about August 14, 2006, Ms. FOYE complained to Defendant AMTRAK about her treatment based upon her disability, including the denial of breaks and the false accusations made against her. She did not ever receive a response to her complaint.

11. On September 21, 2006, Defendant AMTRAK terminated her employment.

12. On January 25, 2007, Ms. FOYE exhausted her administrative remedies under the California Fair Employment and Housing Act ("FEHA") by submitting a charge to the California Department of Fair Employment and Housing ("DFEH"). On August 16, 2007, the DFEH issued Ms. FOYE a Right to Sue. (A true and correct copy of said Notice is attached hereto as Exhibit A.) On September 21, 2007, the Equal Employment Opportunity Commission ("EEOC") issued Ms. FOYE a Right to Sue. (A true and correct copy of said Notice is attached hereto as Exhibit B.)

## DAMAGES

13. As a proximate result of the Defendants' actions as alleged herein, Ms. FOYE was humiliated, hurt and injured in her health, strength and activity, and suffered and

continues to suffer loss of reputation, goodwill and standing in the community, scorn and humiliation, embarrassment, hurt feelings, mental anguish and suffering, depression, anxiety, loss of enjoyment of life, and a general loss of self-esteem and well-being, all to Ms. FOYE's damage in an amount to be shown according to proof.

14. As a further proximate result of the acts of the Defendants and each of them as alleged herein, Ms. FOYE has also suffered a significant loss of income and employment benefits in an amount to be shown according to proof.

15. Defendants' acts were wilful, wanton, malicious and oppressive in that they knew or should have known that their conduct was unreasonable and illegal. Furthermore, their acts were carried out in wilful and conscious disregard of Ms. FOYE's rights and well-being, entitling Ms. FOYE to punitive damages in an amount appropriate to punish or make an example of them.

**FIRST CAUSE OF ACTION
VIOLATION OF FEHA
DISABILITY DISCRIMINATION**

16. Ms. FOYE realleges and incorporates by reference Paragraphs 1 through 15, inclusive, as if fully set forth herein.

17. This action is brought pursuant to FEHA to obtain relief for discrimination Ms. FOYE suffered in employment because of her disability.

**WHEREFORE**, Ms. FOYE prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION
VIOLATION OF FEHA
RETALIATION**

18. Ms. FOYE realleges and incorporates by reference Paragraphs 1 through 17, inclusive, as if fully set forth herein.

19. This action is brought pursuant to FEHA to obtain relief for retaliation Ms. FOYE suffered as a result of her opposition to disability discrimination.

20. Ms. FOYE is a member of a protected group under FEHA.

21. Ms. FOYE engaged in protected activity (i.e., her complaints about Defendant AMTRAK'S conduct) and that activity was a motivating factor in Defendant

AMTRAK's discriminatory actions against Ms. FOYE, including but not limited to terminating her employment.

**WHEREFORE**, Ms. FOYE prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA CONSTITUTION**
**ARTICLE I, SECTION 8**
**WRONGFUL TERMINATION**
**(AGAINST DEFENDANT AMTRAK)**

22.  Ms. FOYE realleges and incorporates by reference Paragraphs 1 through 21, as if fully set forth herein.

23.  In doing each and all of the acts alleged herein, including but not limited to, terminating Ms. FOYE's employment in retaliation for her complaints about its unlawful practices, Defendant AMTRAK intentionally, wilfully and without justification, disqualified Ms. FOYE from pursuing her profession and employment and denied her the benefits of her employment, all in violation of Article I, Section 8 of the California Constitution.

**WHEREFORE**, Ms. FOYE prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF TITLE VII**
**RETALIATION**
**(AGAINST DEFENDANT AMTRAK)**

24.  Ms. FOYE realleges and incorporates by reference Paragraphs 1 through 23, as if fully set forth herein.

25.  This action is brought against Defendant AMTRAK only, pursuant to Title VII to obtain relief for retaliation Ms. FOYE suffered, including but not limited to, the termination of her employment, as a result of her opposition to disability discrimination by Defendant AMTRAK.

26.  As an employee who lawfully opposed conduct which violated Title VII, Ms. FOYE is a member of a protected group under Title VII.

27.  Ms. FOYE's protected activity was a substantial or motivating factor for Defendant AMTRAK's adverse employment actions against her. Defendant AMTRAK's conduct was in violation of Title VII and has caused Ms. FOYE to suffer damages as set forth above.

**WHEREFORE**, Ms. FOYE prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### VIOLATION OF TITLE VII
### DISABILITY DISCRIMINATION
### (AGAINST DEFENDANT AMTRAK)

28. Ms. FOYE realleges and incorporates by reference Paragraphs 1 through 27 as if fully set forth herein.

29. This action is brought pursuant to Title VII, to obtain relief for Ms. FOYE for discrimination and harassment Ms. FOYE suffered in employment because of Ms. FOYE's physical disability.

30. As a disabled person, Ms. FOYE is a member of a protected group under Title VII and the Rehabilitation Act.

31. Ms. FOYE's disability was a motivating factor in Defendant's conduct toward her.

**WHEREFORE**, Ms. FOYE prays for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### DISABILITY DISCRIMINATION
### (AGAINST DEFENDANT AMTRAK)

32. Ms. FOYE realleges and incorporates by reference Paragraphs 1 through 31 as though fully set forth at length herein.

33. In doing each and all of the acts alleged herein, Defendant attempted to and did interfere with Plaintiff's exercise of her civil and constitutional rights secured by the Constitution and laws of the United States, particularly her right to be free from discrimination based on a physical handicap, as provided by the Rehabilitation Act (29 U.S.C. Section 501).

34. Ms. FOYE has a disability within the meaning of the ADA, Ms. FOYE was a qualified individual, and Ms. FOYE's disability was a motivating factor in Defendant's conduct.

**WHEREFORE,** Ms. FOYE prays for judgment against Defendants and each of them as follows:

1. Compensatory and special damages, including but not limited to, lost wages and benefits, and damages for mental and emotional distress, in excess of $75,000 to be determined

1  at the time of trial;

2      2.    Punitive and exemplary damages in an amount appropriate to punish and

3  make an example of the Defendants to be determined at the time of trial;

4      3.    Injunctive relief against Defendant AMTRAK and its agents and employees,

5  enjoining them from denying, or aiding or inciting the denial of, the civil rights of any female

6  employee on the basis of sex, and compelling Defendant AMTRAK to take affirmative steps to

7  ensure equal employment opportunity;

8      4.    Costs of suit incurred herein, including reasonable attorneys' fees; and

9      5.    Such other and further relief as the Court deems just and proper.

10  Dated: December 20, 2007        PRICE AND ASSOCIATES

*[signature: Pamela Y. Price]*

PAMELA Y. PRICE, Attorneys for Plaintiff
MARY B. FOYE

PYP1163P200

**JURY TRIAL DEMANDED**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues triable to a jury in each and every cause of action of her Complaint.

Dated:  December 20, 2007

PRICE AND ASSOCIATES

*Pamela Y. Price*

PAMELA Y. PRICE, Attorneys for Plaintiff
MARY B. FOYE

PYP1163P200

-8-
COMPLAINT

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                                                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2941 TTY (800) 700-2320 Fax (510) 622-2951
www.dfeh.ca.gov



August 16, 2007

MARY BETH FOYE
2351 Monument Blvd space 2
Concord, CA 94520

RE: E200607M1001-00-pe/37AA708186
FOYE/AMTRAK

Dear MARY BETH FOYE:

### NOTICE OF CASE CLOSURE

The consultant assigned to handle the above-referenced discrimination complaint that was filed with the Department of Fair Employment and Housing (DFEH) has recommended that the case be closed effective August 16, 2007. Please be advised that this recommendation has been accepted.

Based upon its investigation, DFEH is unable to conclude that the information obtained establishes a violation of the statute. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

This letter is also your Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. This is also applicable to DFEH complaints that are filed under, and allege a violation of Government Code section 12948 which incorporates Civil Code sections 51, 51.7, and 54. The civil action must be filed within one year from the date of this letter. However, if your civil complaint alleges a violation of Civil Code section 51, 51.7, or 54, you should consult an attorney about the applicable statutes of limitation. If a settlement agreement has been signed resolving the complaint, it is likely that your right to file a private lawsuit may have been waived.

**EXHIBIT A**

Notice of Case Closure
Page Two

This case may be referred to the U.S. Equal Employment Opportunity Commission (EEOC) for further review. If so, pursuant to Government Code section 12965, subdivision (d)(1), your right to sue will be tolled during the pendency of EEOC's review of your complaint.

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

Allan H. Pederson
District Administrator

cc:   Case File


Elias Munoz
EEO Officer
AMTRAK
810 North Alameda Street
Los Angeles, CA 90012

DFEH-200-08ew (06/06)
MALSCHEC

EEOC Form 161 (3/98)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | MARY BETH FOYE<br>2351 Monument Blvd space 2<br>Concord, CA 94520 | From: | San Francisco District Office<br>350 The Embarcadero<br>Suite 500<br>San Francisco, CA 94105 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 37A-2007-08186 | **Alexis Durbin,**<br>**State & Local Coordinator** | (415) 625-5619 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Joan Ehrlich*

**H. Joan Ehrlich,**
**District Director**

SEP 2 1 2007
*(Date Mailed)*

Enclosures(s)

cc:   AMTRAK
      1303- 3rd St
      Oakland, CA 94607

**EXHIBIT B**